IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

|  |  |
|---|---|
| STUDENTS FOR FAIR ADMISSIONS,<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNITED STATES COAST GUARD, *et al.*,<br><br>*Defendants.* | No. 5:25-cv-00284-TKW-MJF |

## JUDGMENT

The United States Coast Guard facilitates a College Student Pre-Commissioning Initiative ("CSPI Program") "for eligible undergraduate students to enlist and receive a guaranteed commission as an officer in the Coast Guard." 14 U.S.C. §2131(a). To be eligible for the CSPI Program, a student must meet various requirements set forth in 14 U.S.C. §2131(b). One of those requirements is that the student must be an undergraduate sophomore or junior at a particular type of institution. 14 U.S.C. §2131(b)(6)(A). Section 2131(b)(6)(A)(i) and (ii) specify the types of institutions that qualify. Many of the criteria in Section 2131(b)(6)(A)(i) and (ii) are based on the racial composition of the institution's student body. For example, an institution may qualify under Section 2131(b)(6)(A)(i) if it is a "Hispanic-serving institution," which "has an enrollment of undergraduate full-time equivalent students

that is at least 25 percent Hispanic students," 20 U.S.C. §1101a(a)(5)(B); *see* 20 U.S.C. §1067q(a)(2); or a "Native Hawaiian-serving institution," which "has an enrollment of undergraduate students that is at least 10 percent Native Hawaiian students," 20 U.S.C. §1059d(b)(4); *see* 20 U.S.C. §1067q(a)(4).

On October 7, 2025, Plaintiff, Students for Fair Admissions, filed a complaint claiming that the CSPI Program violates the Fifth Amendment's equal-protection principle. *See* Verified Compl. (Doc.1) ¶¶35-49. Plaintiff alleged that certain provisions of the CSPI Program unconstitutionally limited participation on the basis of race and ethnicity and that it has members who are able and ready to apply for the CSPI Program, except they do not attend one of the eligible colleges or universities. *Id.* ¶¶29-33. Plaintiff sought injunctive relief and a declaration that the CSPI Program's "race- and ethnicity-based requirements are unconstitutional." *Id.* at 13.

Defendants responded on April 7, 2026, filing a letter from the Solicitor General. The letter informed Congress that the Department of Justice "will not defend" the CSPI Program's racial "quotas." Doc.23 at 1; *see* Doc.22-1. The letter expressed the Department's view that the CSPI Program's racial quotas "violate the equal protection component of the Fifth Amendment's Due Process Clause." The letter also expressed the view that Section 2131(b)(6)(A)(i) and (ii)'s unconstitutional racial quotas are not severable from the rest of Section 2131(b)(6)(A)(i) and (ii). The letter stated that in the Department's view, however, Section 2131(b)(6)(A)(i) and (ii) are

severable from both Section 2131(b)(6)(A)'s requirement that the student be an undergraduate sophomore or junior and the rest of the statute authorizing the CSPI Program, 14 U.S.C. §2131. The Department determined that severing Section 2131(b)(6)(A)(i) and (ii) from Section 2131's remaining provisions would allow the CSPI Program to function in a race-neutral manner consistent with Congress's intent to create a source of commissioned officers for the Coast Guard.

After Defendants filed their letter, this Court treated it as a response to Plaintiff's complaint. Doc.23 at 2. The Court then directed any would-be intervenors to file intervention motions by May 26, 2026. *Id.* If no one moved to intervene, the Court instructed the parties to submit a proposed judgment. *Id.* The Court's May 26 intervention deadline has passed, and no one has moved to intervene.

Accordingly, it is **ORDERED** that:

1.    Judgment is entered for Plaintiff, Students for Fair Admissions, and against Defendant, the United States Coast Guard.

2.    The Court declares that 14 U.S.C. §2131(b)(6)(A)(i) and (ii)'s racial quotas violate the equal protection component of the Fifth Amendment's Due Process Clause. Section 2131(b)(6)(A)(i) and (ii)'s unconstitutional racial quotas are not severable from the rest of Section 2131(b)(6)(A)(i) and (ii). However, Section 2131(b)(6)(A)(i) and (ii) are severable from both Section 2131(b)(6)(A)'s requirement that the student be an undergraduate sophomore or junior and the rest of the

statute authorizing the CSPI Program, 14 U.S.C. §2131. Severing Section 2131(b)(6)(A)(i) and (ii) from Section 2131's remaining provisions allows the CSPI Program to function in a race-neutral manner consistent with Congress's intent to create a source of commissioned officers for the Coast Guard.

3.    The parties shall bear their own costs and fees.

DONE AND ORDERED this 28th day of May, 2026.

T. KENT WETHERELL, II
U. S. DISTRICT JUDGE

4